**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Tosha Chang,**<br>***Plaintiff***<br><br>**v.**<br><br>**Nestor Solutions, LLC and Freedom Mortgage,**<br>***Defendants*** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:26-cv-00931-ADA-SH** |

**ORDER**

Before the Court are:

- Plaintiff's Emergency Motion to Remand and Request for Costs and Expenses Under 28 U.S.C. § 1447(C), Emergency Motion To Maintain Status Quo and Adopt State Court Temporary Restraining Order Under 28 U.S.C. § 1450, and Request For Expedited Ruling, filed April 19, 2026 (Dkt. 6);
- Defendant's Motion to Strike Plaintiff's Motion for Remand, filed April 28, 2026 (Dkt. 10);
- Plaintiff's Motion for Preliminary Injunction, filed May 6, 2026 (Dkt. 15);
- Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed May 21, 2026 (Dkt. 16);

and the associated response and reply briefs.[1]

On April 1, 2026, Chang brought this foreclosure case in Texas state court, naming as defendants Nestor Solutions, LLC; Auction.com, LLC; Xome Inc.; Tejas Corporate Services, LLC; NFPDS-TX LLC; Agency Sales and Posting LLC; Abstracts/Trustee of Texas, LLC; Resolve Trustee Services, LLC; Mortgage Electronic Registration Systems, Inc.; Freedom Mortgage; and all Substitute Trustees. Dkt. 1-3 at 7.

---

[1] The Honorable Alan D Albright (ret.) referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 2.

Defendants Freedom Mortgage Corporation and Nestor Solutions LLC (together, "Defendants") removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332, alleging that the amount in controversy exceeds $75,000 and complete diversity exists between the properly joined real parties at interest. Dkt. 1. Chang moves to remand and argues that Defendants have not established grounds for removal. Dkt. 6. Chang has amended her complaint to only bring claims against Defendants Freedom Mortgage and Nestor. Dkt. 14.

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Subject matter jurisdiction over a state claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023).

Corporations are citizens of their state of incorporation and where they have their principal places of business. 28 U.S.C. § 1332(c). LLCs are citizens of any state of which their members are citizens. *SXSW*, 83 F.4th at 408. To establish diversity jurisdiction in a suit by or against an LLC, a party "must specifically allege the citizenship of every member of every LLC," *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017), with "clear, distinct, and precise affirmative jurisdictional allegations." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). When an LLC has a member that also is an LLC, the citizenship of the member LLC must be traced through all organizational layers of partners and members. *Mullins v. Test Am.. Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009). In addition, because some states permit

LLC membership without ownership, an LLC's citizenship cannot be established merely by naming its owners. *SXSW*, 83 F.4th at 408.

If an LLC has a member that is a trust, the citizenship of the trust depends on whether the trust is an unincorporated artificial entity or a fiduciary relationship. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381-84 (2016). If the trust is an unincorporated artificial entity, the citizenship of the trust is determined by the citizenship of its members. *Id.* at 381-82. If the trust is merely describing the fiduciary relationship between multiple natural people, citizenship is determined by the citizenship of each individual trustee. *Id.* at 383-84.

In their notice of removal, Defendants alleged that there is complete diversity between the properly joined real parties at interest because (1) "Plaintiff is an individual domiciled in the state of Texas"; (2) Freedom Mortgage is a New Jersey corporation with its principal place of business in Florida; and (3) Nestor is a limited liability company whose membership is as follows:

> Nestor's member is Archwell Management LLC which is a Florida limited liability company with its principal place of business in Florida. Archwell Management LLC's member is Archwell Holdings LLC which is a Florida limited liability company with its principal place of business in Florida. Archwell Holdings LLC's members are two trusts, of which the trustees are individuals who are citizens of Pennsylvania and New York, respectively. As such, Nestor is a citizen of Pennsylvania and New York.

Dkt. 1 ¶¶ 7-9.

Because Defendants do not allege the nature of Nestor's member trusts and ***specifically identify*** each of its members or trustees and their respective citizenships, it has not established Nestor's citizenship. *SXSW*, 83 F.4th at 408.

Defective allegations of jurisdiction may be amended. 28 U.S.C. § 1653. To determine diversity of the parties, the Court **ORDERS** Defendants to file a brief:

(1) identifying and alleging the nature of Nestor's member trusts;

(2) identifying the trusts' members or trustees and their respective citizenships;

(3) showing whether there was complete diversity when Defendant removed this case on April 14, 2026; and

(4) addressing any other issues relevant to whether this Court has jurisdiction over this matter

by **October 26, 2026**. If necessary, Chang may file a brief responding to these and any other relevant jurisdictional issues by **November 9, 2026**.

**SIGNED** on October 13, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE